```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :
      v.                      : Crim. No. 3:07-cr-00299 (AWT)
                              :
ANTONIO ARIAS                 :
```

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

For the reasons set forth below, defendant Antonio Arias's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) and Section 603 of the First Step Act (ECF No. 361) is hereby DENIED.

Defendant Antonio Arias states in support of his motion that

> "extraordinary and compelling reasons" warrant a reduction in his sentence, specifically (a) the risk of reinfection from COVID-19, (b) the fact that Mr. Arias's original 30-year sentence has been—and will continue to be—more punitive than originally intended as a result of the pandemic, and (c) the §3553(a) factors as applied in this case.

ECF No. 361 at 1.

In December of 2007, the defendant was charged with Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 846, and Possession with Intent to Distribute Five Kilograms or more of Cocaine, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(A)(ii).  After a mistrial, the defendant was tried and convicted on both counts on June 26, 2009.  On November 9, 2009, the court sentenced the defendant to, inter alia, 360 months of imprisonment followed by a 10-year term of supervised release.

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that:

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).  Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).

It is undisputed that the defendant has satisfied the requirement with respect to exhaustion of administrative remedies.  However, the defendant's motion is being denied for two reasons.

2

First, although the defendant initially refused the vaccine, his medical records show that the Bureau of Prisons administered to him the first dose of the COVID-19 vaccine produced by Pfizer on August 4, 2021. See Gov't Opp'n (ECF No. 366) at 60-62.

> Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated.

United States v. Poupart, No. 3:11CR116 (JBA), 2021 WL917067, at *1 (D. Conn. Mar. 10, 2021). Because the defendant has been vaccinated, his health issues do not support a conclusion that the risk of severe illness or death from COVID-19 presents an extraordinary and compelling reason warranting reduction of his sentence.

Second, the court agrees with the government that even if the defendant could demonstrate extraordinary and compelling circumstances, a reduction of his sentence is not appropriate because the Section 3553(a) factors "weigh decisively" against a sentence reduction. ECF No. 366 at 8. At sentencing the court placed dispositive weight on the nature and circumstances of the offense and the need for the sentence imposed to serve the various purposes of a criminal sentence. The court concluded:

> In this case I'm most aware of the need to provide just punishment, the need to deter others from committing the offense committed by the defendant – and here

3

> I just don't mean the offense in general, I mean the order of magnitude that we have in terms of drugs involved in this case. And thirdly, the need for the sentence imposed to reflect how serious this offense is. And once again, I am driven primarily by the large quantity of drugs that are involved here.

11/6/2009 Sentencing Tr. (ECF No. 339) at 23:15-23.  The court elaborated:

> I've never sentenced anybody who has been involved this much in the way of drugs. I have given 20-year-plus sentences and the amount of drugs they were involved in pales in comparison to the quantity that's involved here.

ECF No. 339 at 24 of 32:16-20.  The court also took note of the fact that not only were large quantities of drugs involved but also that the defendant generated large amounts of money as a result of his drug activity.  The court noted at sentencing that the defendant revealed that he lost $12 million in connection with the seizure of just the 444 kilograms of cocaine seized in connection with one transaction, namely the seizure of the 444 kilograms seized in this case.  See ECF No. 339 at 11 of 32, 18 of 32.

Thirty years was the bottom of the Guidelines range.  The court concluded that a sentence above the bottom of the Guidelines range would also be appropriate but that a thirty-year sentence would be sufficient but not greater than necessary to serve the purposes of sentencing that needed to be served in the defendant's case; a sentence below the bottom of the range

4

would not have been, and would not be, sufficient.  The court explained:

> I think I also mentioned on October 19th how exceptionally high the drug quantity is here. And after that hearing, I did go back and read Application Note 16 to Guideline Section 2D1.1. That application note states that an upward departure and above Offense Level 38 on the basis of drug quantity may be warranted if, for example, the drug quantity is at least ten times the minimum quantity required for Level 38. Here the minimum quantity required for 38 is 150 kilograms, and ten times that would be 1500 kilograms. The defendant is being sentenced on the basis of 643 kilograms. Thus, an upward departure is not appropriate, in my view, based on the drug quantity. However, this is a factor that should be considered, at least looked at, in determining where in the range to impose a sentence. [Six hundred forty-three] is slightly over 42 percent of 1500. Since the upper limit of the applicable guidelines range is life, I don't have a number to work with, but I think if I equate life to 40 years and assume a range of ten years, I calculate that the drug quantity for which the defendant is responsible would suggest a sentence that is a little more than four years above the bottom of the range, if I'm trying to analyze what guidance the Sentencing Guidelines could give on this matter. Having made that calculation, however, I have also concluded that anyone must view a 30-year sentence as sufficient to accomplish all the purposes of sentencing that must be served in this case. And I believe that capping the sentence at 30 years is appropriate, particularly in [] view of the specifics of the defendant's criminal history and the fact that there was no violence, actual violence, involved in this case. And there's no evidence of guns.

ECF No. 339 at 24 of 32:21 to 26 of 32:1-2.

The defendant argues that "the Court should also consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct'" and references three co-conspirators, William Mascari, Raymond Pacheco and Nelson Santiago, and the sentences

they received.  The defendant argues that his sentence was disproportionate in comparison to theirs.  However, the defendant was the organizer and leader of this extensive drug conspiracy and his sentence reflects the fact that he was the most culpable member of the conspiracy.  The defendant also points to statistics compiled by the Sentencing Commission, but the appropriate sentence for the defendant was based on the particular facts and circumstances of his case.

It is so ordered.

Signed this 11th day of January 2022 at Hartford, Connecticut.

                                           /s/AWT
                               Alvin W. Thompson
                      United States District Judge